UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| HITECH FIRE DETECTION CORP. | § | CASE NO. 10-36791-H5-11 |
| | § | |
| | § | |
| DEBTOR | § | |

EMERGENCY MOTION TO PAY PREPETITION WAGES

---

**RULE 9013 NOTICE**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

---

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, HiTech Fire Detection Corporation, Debtor and Debtor-In-Possession herein ("Debtor"), and files this Emergency Motion To Pay Prepetition Wages, and in support of same would show the Court as follows:

1. The Debtor filed for relief under Chapter 11 of Title 11 on August 9, 2010.

2. Debtor operates a company that installs and services fire detection equipment in commercial buildings.

4. Debtor employs 51 individuals that are crucial to its ability to continue to operate its business.

5. Debtor normally pays its employees every Friday. The next pay day is scheduled for Friday, August 13, 2010.

6. On the date that Debtor filed this case, it owed to its employees as listed on Exhibit "A" the unpaid but earned wages as also reflected on Exhibit "A" which does not include the payment of any prepetition wages to individuals who are shareholders, officers or directors of the Debtor.

7. Debtor will be unduly harmed if it is not permitted to pay these individuals the wages that they have earned since the payment of these wages is crucial to the ability to maintain employee morale and indeed, to retaining these employees.

8. The wages reflected on Exhibit "A" have been earned in the ordinary course of the performance of each individual's duties and responsibilities and do represent wages and salaries that are normal for each individual and not enhanced in anyway by the filing of the Chapter 11.

9. Each of these individuals would be entitled to a priority claim pursuant to 11 U.S.C. § 507(a)(4).

10. All of these employees are still employed by the Debtor and the Debtor has no plans to terminate any of them from employment.

WHEREFORE, premises considered, HiTech Fire Detection Corporation prays that this Court set this matter for expedited hearing and after due consideration of the evidence presented at said hearing that it enter its order authorizing the Debtor to pay prepetition wages to its employees as reflected on Exhibit "A" attached hereto, and for such other relief to which it may be entitled.

Respectfully submitted,

ROGERS ANDERSON & BENSEY, PLLC

/s/ Barbara M. Rogers
Barbara M. Rogers
TBN 17163200
1415 North Loop West, Suite 1020
Houston, TX   77008
(713) 868-4411
(713) 868-4413 (fax)
b.m.rogers@att.net

Attorney for Debtor

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Emergency Motion To Pay Prepetition Wages was served on all parties as reflected on the Service List attached hereto by first class mail, postage prepaid on the 9th   day of August, 2010.

/s/ Barbara M. Rogers
Barbara M. Rogers