UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| HITECH FIRE DETECTION CORP. | § | CASE NO. 10-36791-H5-11 |
| | § | |
| DEBTOR | § | |

**EMERGENCY MOTION FOR INTERIM ORDER AUTHORIZING
THE DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO BANKRUPTCY
CODE SECTION 363(C);GRANTING ADEQUATE PROTECTION PURSUANT TO
SECTIONS 363 AND 364 OF THE BANKRUPTCY CODE;
AND SETTING A FINAL HEARING PURSUANT TO BANKRUPTCY
<u>RULES 4001(B) AND 4002(C)</u>**

---

<u>**RULE 9013 NOTICE**</u>

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY (20) DAYS, YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.

---

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Come now, HiTech Fire Detection Corporation d/b/a HiTech Integrated Solutions

(hereinafter referred to as "Debtor"), Debtor and Debtor In Possession herein, and files this Emergency Motion For Interim Order Authorizing Debtor's Use of Cash Collateral, Granting Adequate Protection and Setting Final Hearing:

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A) and (D). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. On August 9, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District or Texas, Houston Division (the "Court"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor are operating a business and managing property as a Debtor-in-possession. No trustee or examiner has been appointed, and no official committee of unsecured creditors has yet been formed.

3. The Debtor operates a company in Houston, Texas that installs and maintains fire alarm systems for commercial buildings.

4. Debtor's accounts receivable are the subject of a first lien held by Green Bank ("Bank").

5. By this Motion, the Debtor seeks authority on an interim and final basis to continue to use cash collateral as defined in 11 U.S.C. § 363(a) ("Cash Collateral") and to grant adequate protection to all parties holding an interest in the cash collateral without determining the validity or priority of the liens. Debtor has no other source of funds to continue to operate its business. Furthermore, Debtor requires the use of the cash generated from operations in order to continue to operate the business, to maintain a going concern value of the business and to ensure that adequate funds are available for normal and customary business expenses and operating needs.

6.     Through this Motion, Debtor seeks to grant to the Bank a postpetition security interest that is superior to all other postpetition security interests in the Debtor's accounts receivable in the same order and priority as existed on the date this case was filed as adequate protection to the extent that prepetition collateral is expended postpetition. In no instance will the postpetition security interests sought herein be used to enhance or improve the position of the Bank.

7.     An immediate need exists for the Debtor to obtain approval of this motion which seeks authority to use Cash Collateral in order to pay payroll, utilities, insurance and other ongoing expenses in the ordinary course of the business. Debtor have attached an "Interim Cash Collateral Budget" hereto as **Exhibit "A"**.. Without the immediate ability to use the Cash Collateral for an interim period, the Debtor' ability to operate the business will be severely impaired. The Debtor will have to close the business. Obviously this would have a severe negative impact upon the Debtor going concern value and ability to successfully create value for all creditors and preserve the jobs of its employees. The Debtor' business, as a going concern, has a value far in excess of any value that might be obtained in a Chapter 7 liquidation. A complete shutdown of the Debtor' business, even for a short period, would result in the loss of employees and eventually the unsecured creditors would have no hope of receiving any distribution from this case after the liquidation of all of the assets. Accordingly, it is imperative that a preliminary hearing be set immediately.

8.     Pursuant to Bankruptcy Rule 4001, the Debtor requests that the Court set a preliminary hearing on the use of Cash Collateral, and that at such preliminary hearing, the Court authorize the use of Cash Collateral consistent with the Interim Cash Collateral Budget, in order to avoid immediate and irreparable harm to this estate pending a final hearing.

9.     The Debtor also request a final hearing as soon as the Court's schedule permits, following 15 days after service of this Motion.

WHEREFORE, PREMISES CONSIDERED, the Debtor pray that this Court:

(1) set an expedited preliminary hearing for the interim use of Cash Collateral;

(2) authorize the use of Cash Collateral on an interim basis;

(3) grant certain replacement liens and other rights to the Bank as adequate protection for the use of the Cash Collateral;

(4) at a final hearing, authorize the use of Cash Collateral and the granting of postpetition replacement liens during the pendency of this case; and

(5) grant such other and further relief as may be just and equitable both at law and in equity.

Respectfully submitted,

ROGERS, ANDERSON & BENSEY, PLLC

/s/ Barbara M. Rogers

_____
Barbara M. Rogers
TBN 17163200
1415 North Loop West, Ste 1020
Houston, TX   77008
(713) 868-4411
(713) 868-4413 (fax)
b.m.rogers@att.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th of August, 2010, a true and correct copy of the foregoing *Emergency Motion For Interim Order Authorizing the Debtor's Use of Cash Collateral Pursuant To Bankruptcy Code Section 363 (c); Granting Adequate Protection Pursuant To Sections 363 and 364 of the Bankruptcy Code; and Setting a Final Hearing Pursuant To Bankruptcy Rules 4001(b) and 4002 (c)* was served on all creditors and Parties Requesting Notice as set forth on the Service List attached hereto by first class mail, postage prepaid.

/s/ Barbara M. Rogers

_____
Barbara M. Rogers